IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

EVA J. GREEN                                                                                                        PLAINTIFF

vs.                                           Civil No. 1:13-cv-01095

CAROLYN W. COLVIN                                                                                        DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Eva J. Green ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.     Background:**

Plaintiff protectively filed her disability applications on December 18, 2008. (Tr. 238-249).[1] In her applications, Plaintiff alleges she is disabled due to problems with her left leg, bad headaches, cellulitis, and vision problems. (Tr. 277). Plaintiff alleged an onset date of January 18, 2008, which was later amended to August 1, 2009. (Tr. 12, 277). These applications were denied initially and

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

again upon reconsideration. (Tr. 111-114, 154-157).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 158-159). An initial administrative hearing was held on April 8, 2010. (Tr. 68-110). On September 1, 2010, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 115-137). Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 198). The Appeals Council granted her request for review on April 11, 2012, and remanded her case to an ALJ for further proceedings. (Tr. 138-143).

A second administrative hearing was held on August 22, 2012. (Tr. 33-67). Plaintiff was present and was represented by Randolph Baltz at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") James Wallace testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), had a tenth grade education and had obtained a GED. (Tr. 38, 42-43).

On October 26, 2012, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 12-24). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 14, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 1, 2009, her alleged onset date. (Tr. 14, Finding 2).

The ALJ determined Plaintiff had the severe impairments of low back pain due to dextroscoliosis and narrowing of the L5-S1 disc space, bilateral knee disorder, right eye blindness, headaches, hiatal hernia, obesity, mood disorder, and borderline personality disorder. (Tr. 12-13, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 4).

The ALJ evaluated Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 16-22, Finding 5). In making this determination, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a range of unskilled sedentary work with limited ability to walk; can occasionally climb, stoop, crouch, kneel, and crawl; due to right vision loss leading to poor depth perception, can perform no jobs requiring balancing, and is restricted from working on scaffolding or at unrestricted heights, and should not operate vehicles or drive a forklift; can understand, follow, and remember concrete instructions; and her contact with supervisors, co-workers and the public must be superficial. (Tr. 16, Finding 5).

The ALJ also evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 23, Finding 6). The ALJ determined Plaintiff was unable of performing her PRW as a secretary, receptionist, bartender, caregiver, and cashier. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 23, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a document preparer with approximately 1,050 such jobs in Arkansas and 118,200 such jobs in the nation, charge account clerk with approximately 1,300 such jobs in Arkansas and 130,000 such jobs in the nation, and assembler with approximately 1,380 such jobs in Arkansas and 88,240 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from August 1, 2009 through the date of the decision. (Tr. 24, Finding 11).

Thereafter, on November 13, 2012, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7-8). On October 18, 2013, the Appeals Council declined to

review the unfavorable decision. (Tr. 1-6). On December 20, 2013, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 16, 17. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following three arguments for reversal: (1) the ALJ improperly assessed the credibility of Plaintiff's subjective complaints; (2) the ALJ erred in assessing Plaintiff's RFC; and (3) the ALJ improperly found Plaintiff's Step Five determination was supported by the *Dictionary of Occupational Titles*. ECF No. 16 at 3-12. Upon review, the Court finds Plaintiff is correct in her argument that the VE's testimony conflicts with the *Dictionary of Occupational Titles.* Thus, only this issue will be addressed.

At Step Five of the Analysis, the VE identified three occupations Plaintiff retained the capacity of performing: (1) charge account clerk (D.O.T. 205.367-014), (2) compact assembler (D.O.T. 739-687-066), and (3) document preparer (D.O.T. 249.587-018). (Tr. 24). However, as discussed below, the ALJ erred in finding Plaintiff capable of performing these occupations.

Based upon the job descriptions of these occupations in the *Dictionary of Occupational Titles* and its supplement, *Selected Characteristics of Occupations,* the occupation of charge account clerk requires a considerable amount of contact with the public. A charge account clerk must interview customers, confer with customers on charge plans, and assist customers with the application. According the ALJ's RFC determination, Plaintiff can only have superficial contact with the public. (Tr. 14, Finding 4). Thus, Plaintiff cannot perform this occupation.

According to the *Dictionary of Occupational Titles* a compact assembler (D.O.T. 739-687-066),would require Plaintiff to join upper and lower halves of vanity compacts by inserting pins in hinges to join halves using fingers or tweezers. According the ALJ, Plaintiff has right eye blindness which results in a loss of depth perception. (Tr. 16). As Plaintiff points out, with blindness in one eye, her ability to work with fine objects, that require the use of tweezers, would be significantly limited. As such, Plaintiff cannot perform the occupation.

Finally, the VE testifed Plaintiff was capable of performing the occupation of document preparer (D.O.T. 249.587-018). According to the *Dictionary of Occupational Titles,* a document preparer prepares documents for microfilming, using paper cutter, photocopying machine, and other work devices; cuts documents into individual pages of standard microfilming size and format using paper cutter or razor knife; reproduces document pages to improve clarity or to reduce one or more pages into single page of standard microfilming size; prepares cover sheet and document folder for material and index card for company files; and inserts material to be filmed in document folder and

files folder for processing according to index code and filming priority schedule. As with the prior occupation of compact assembler, Plaintiff's vison limitations would limit the ability to perform this occupation. Additionally, there is no VE testimony of record addressing the impact of such vision limitations on these jobs.

According to Social Security Ruling 00-4p, the ALJ has the responsibility of determining whether the VE's testimony is consistent with the *Dictionary of Occupational Titles* and *Selected Characteristics of Occupations*. If that testimony is not consistent with those publications, the ALJ then has a duty to resolve that conflict. *SSR* 00-4p ("our adjudicators must: [i]dentify and obtain a reasonable explanation for any conflicts . . . [e]xplain in the determination or decision how any conflict that has been identified was resolved"). Here, the ALJ did not recognize this conflict and did not resolve it. Instead, the ALJ stated the following: "Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (Tr. 24). Because the ALJ erred in this determination, and improperly found the VE's testimony was consistent with the *Dictionary of Occupational Titles* and its companion publication, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends that this case be reversed and remanded.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are**

reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 25th day of November 2014.**

                                                   /s/   Barry A. Bryant
                                                 HON. BARRY A. BRYANT
                                                 U.S. MAGISTRATE JUDGE